UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:09-cr-00265-OWW |
| Plaintiff, | **ORDER DENYING DEFENDANT'S RELEASE ON BOND** |
| vs. | |
| JUSTIN PAUL GLADDING, | |
| Defendant. | |

This matter came on regularly for hearing on June 23, 2010 at 11:00 a.m. in Courtroom No. 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge, for a bail review hearing at the request of the defense.  Assistant United States Attorneys David Gappa and Deanna Martinez appeared on behalf of the Government.  Assistant Federal Defender Mark Days appeared with and on behalf of the Defendant, Justin Paul Gladding.

In preparation for this hearing, the Court reread and reviewed the following pretrial services reports: The original report of August 31, 2009, recommending release which the Court granted; the bond violation memorandum of October 30, 2009, recommending continued release but with modified terms and

1

conditions, which the Court ordered; the bond violation memorandum of December 17, 2009, recommending continued release but with, yet again, modified terms, **including, "You shall participate in a program of medical or psychiatric treatment including treatment for substance abuse dependency and/or depression, and pay for costs as approved by the Pretrial Services Officer."**, which the Court ordered; the bond violation memorandum of January 13, 2010, recommending revocation of the pretrial release and ordering the Defendant detained, which the Court so ordered.  Finally, the Court read the supplemental bail memorandum of June 23, 2010, and entertained oral argument by counsel as well as voir dire of the Defendant's mother, Patricia Robb, who journeyed to California from Vermont for purposes of assisting in the release of her son to her third party custody.

Note: All hearings regarding detention or release, from the initial detention hearing through and including all bond violation hearings, have been heard before this Court.  As such, the undersigned has a recollection of the issues addressed in all of the previous hearings including but not limited to admonitions made to the Defendant regarding his attitude toward the requirements of his release conditions, as well as his respect, or apparent lack thereof, regarding Pretrial Services Officer Jacob Scott.

Immediately before the hearing in this matter, Mr. Days provided the Court and counsel with a copy of a psychological evaluation/report regarding Mr. Gladding prepared by Richard A. Blak, Ph.D.  Following oral argument, the Court took the matter under submission, allowing for time to thoroughly read Dr. Blak's

report. The Court granted Mr. Gappa's request to stay this Court's order for three (3) court days prior to implementation of said order.

The focus of the Defendant's argument, simply stated, is that he now understands that he needs counseling, that he has needed it for a long time, and that he was incapable of finding his own counseling as he repeatedly told Mr. Scott he could and would do. Mr. Days arranged for Dr. Blak to interview Mr. Gladding at the Fresno County Jail for almost three (3) hours, ultimately concluding that he is treatable for a Generalized Anxiety Disorder. Plucking and copying the very same language from Dr. Blak's report that Mr. Scott used in his of 6/23/10: "Unwilling to trust others, Mr. Gladding may engage in distracting power games...He may even carry himself truculently, acting tough, arrogant, brusque, callous and fearless...Notable may be tendencies to intimidate and exploit others and to expect special recognition and consideration without assuming reciprocal responsibility...He may at times feel unfairly treated and he is easily provoked to anger...His facade of control and sociability may quickly give way to antagonistic and caustic comments, and he may obtain gratification by trying to control others."

Agreeing with Mr. Days' argument that his client suffered a serious early childhood trauma, nonetheless this Court does not detect in Dr. Blak's report a clear bright line connection between that/those traumas and the offense with which he is charged in this case. And, at the risk of appearing insensitive, the social and psychological descriptions applied by Dr. Blak to Mr. Gladding appear to fit the persona of so very many of the

defendants who appear before the court.  That fact does not make the diagnosis less serious, pertinent or worthy of genuine concern.  Yet, it does not move this Court to determine that this particular Defendant stands out from many others who could benefit from therapy.  Indeed, the argument going back to December of 2009, and perhaps earlier, focused on Mr. Gladding needing and wanting therapy.  Mr. Scott argued in more than one prior hearing that Mr. Gladding was advised of the need to receive therapy, and the Defendant was clear he wanted to find his own therapist.  He never did.

   Dr. Blak's description set forth above still defines the man that has appeared before this Court on several occasions.  And, it is still this Court's opinion that Mr. Gladding does not understand the severity of the charges against him and/or the importance of abiding by court orders.  He was admonished in the past about the sanctity of the court orders and the role of the pretrial services officer, and yet he was brought back three (3) times regarding uncooperative and violating conduct, indicating an unwillingness or inability to abide by previously imposed court orders.

   This Court hereby DENIES the Defendant's request to be re-released, on bond, on terms and conditions.

IT IS SO ORDERED.

**Dated:   July 1, 2010**          　　　　　/s/ Sandra M. Snyder         
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4