HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
ERIN SNIDER, CA SBN #304781
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
JUSTIN PAUL GLADDING

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:09-cr-00265-AWI |
| Plaintiff, | DEFENDANT'S NOTICE OF MOTION AND MOTION TO MODIFY CONDITION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583(E); ORDER |
| vs. | |
| JUSTIN PAUL GLADDING, | Date: January 9, 2017 |
| Defendant. | Time: 10:00 a.m. |
| | Judge: Hon. Anthony W. Ishii |

TO:   **DAVID GAPPA, ASSISTANT UNITED STATES ATTORNEY, AND PHILLIP A. TALBERT, UNITED STATES ATTORNEY, COUNSEL FOR PLAINTIFF:**

**PLEASE TAKE NOTICE** that on January 9, 2017, at 10:00 a.m., or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Anthony W. Ishii, United States District Judge for the Eastern District of California, defendant Justin Paul Gladding, through undersigned counsel, will bring on for hearing the following motion to modify a supervised release condition.

**MOTION**

Mr. Gladding, by and through his counsel of record, Assistant Federal Defender Erin Snider, hereby moves this Court for an order modifying Special Condition 8, which currently prohibits contact with all children under the age of 18 unless approved in advance by the probation officer.  Mr. Gladding seeks a modification that will permit him to have contact with

1  his minor daughter.  This motion is made pursuant to Eastern District of California Local Rule
2  Crim. 430.1, 18 U.S.C. § 3583(e), and such other statutory and constitutional rules as may be
3  applicable.
4      This motion is based upon the instant motion and notice of motion, the accompanying
5  memorandum of points and authorities, the files and records in the above-entitled case, and any
6  and all other information that may be brought to the Court's attention before or during the
7  hearing on this motion.

8          Respectfully submitted,

9          HEATHER E. WILLIAMS
        Federal Defender
10

11  Date: December 22, 2016   */s/ Erin Snider*
        ERIN SNIDER
12          Assistant Federal Defender
        Counsel for Defendant
13          JUSTIN PAUL GLADDING

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

On July 16, 2009, the government filed an indictment charging Mr. Gladding with one count of receiving or distributing a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) (Count One) and one count of possessing matter containing a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Two).  Mr. Gladding entered a guilty plea to Count One on September 15, 2011.  On January 27, 2012, the Court sentenced Mr. Gladding to 97 months of imprisonment and 120 months of supervised release.  Special Condition 8 of Mr. Gladding's supervised release provides as follows:

> The defendant shall have no contact with children under the age of 18 unless approved by the probation officer in advance.  The defendant is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.  This shall include that the defendant is not to engage in any occupation, either paid or volunteer, which exposes him directly or indirectly with children under the age of 18.

Judgment, Docket No. 130, at 4.  Mr. Gladding completed his prison sentence and began serving his supervised-release term in November 2016.

As indicated in the presentence investigation report, Mr. Gladding has a minor daughter (now twelve years old) who lives in Chile with her mother.  Mr. Gladding was permitted to have contact with his daughter while on pretrial release and while serving his 97-month term of imprisonment.  However, now that he is on supervised release and subject to Special Condition 8, he is no longer able to have contact with his daughter, unless authorized by his probation officer.  To date, Mr. Gladding's probation officer has not given him authorization to have contact with his daughter, even though the mother of Mr. Gladding's daughter does not oppose such contact.[1]  *See* Declaration of Erin Snider ¶ 3.

---

[1] In a December 21, 2016 email, Mr. Gladding's probation officer indicated that he would not object to supervised visits, assuming the mother of Mr. Gladding's daughter does not object.  *See* Declaration of Erin Snider ¶ 5.  Defense counsel previously sent the probation officer contact information for the mother of Mr. Gladding's daughter on November 30, 2016.  *See id.* ¶ 4.

## II.    ARGUMENT

Under 18 U.S.C. § 3583(e), a court may modify a condition of supervised release "at any time prior to the expiration or termination of the term of supervised release, pursuant to the . . . provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e).[2]  In determining whether a modification is appropriate, the court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the United States Sentencing Guidelines; any pertinent policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense.  *See id.* (instructing courts to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)").

In this case, Mr. Gladding requests that Court modify Special Condition 8 to permit him to have contact with his minor daughter without his probation officer's approval.  As the Ninth Circuit Court of Appeals recognized in *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012), "[t]he fundamental right to familial association is a particularly significant liberty interest" and a supervised release condition that interferes with that liberty interest must be supported by evidence that the condition is necessary.  *Id.* at 1092.  Here, there is no evidence that it is necessary to prohibit Mr. Gladding from having contact with his daughter.  Up until he was released in November 2016, Mr. Gladding had regular contact with his daughter by mail, email, and phone.  There has been no change in circumstances warranting restriction of that

---

[2] A court must also follow the procedure outlined in Federal Rule of Criminal Procedure 32.1(c), which requires "a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(c).  There are exceptions to the hearing requirement, including if the person waives the hearing or if the relief is favorable to the defendant and the government does not object.  *Id.*

contact, particularly given that the mother of Mr. Gladding's child does not oppose such contact.

Accordingly, pursuant to 18 U.S.C. § 3583(e), this Court should modify Special Condition 8 by adding the following line: "This condition does not apply to the defendant's minor child or children."

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: December 22, 2016    */s/ Erin Snider*
ERIN SNIDER
Assistant Federal Defender
Attorney for Defendant
JUSTIN PAUL GLADDING

Gladding / Motion to Modify
Supervised Release Condition

-5-

**O R D E R**

**IT IS SO ORDERED.** Pursuant to 18 U.S.C. § 3583(e), the Court hereby modifies Special Condition 8 as follows: "The defendant shall have no contact with children under the age of 18 unless approved by the probation officer in advance. The defendant is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that the defendant is not to engage in any occupation, either paid or volunteer, which exposes him directly or indirectly with children under the age of 18. *This condition does not apply to the defendant's minor child, S.G.*" All other conditions remain in full force and effect.

IT IS SO ORDERED.

Dated:   January 9, 2017                              _____
                                                                            SENIOR DISTRICT JUDGE